**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued May 20, 2016
Decided July 11, 2016

**Before**

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

JORGE LUIS ALONSO, *District Judge*[*]

No. 15-3609

| | |
|---|---|
| HUGO ANGELES-MORAN, | Petition for Review of an Order |
| *Petitioner*, | of the Board of Immigration Appeals |
| *v*. | |
| LORETTA E. LYNCH, Attorney General of the United States, | No. A200-808-046 |
| *Respondent*. | |

**O R D E R**

An Immigration Judge ("IJ") found that Hugo Angeles-Moran was a citizen of Mexico and was removable. The Board of Immigration Appeals ("Board) affirmed. Angeles-Moran appeals, arguing that the government failed to establish that he was a citizen of Mexico because an I-213 form (which established this fact) was not part of the removal record. It was part of the record, and we affirm.

---

[*] District Judge for the Northern District of Illinois, sitting by designation.

I.

Officers with the United States Immigration and Customs Enforcement Department took Hugo Angeles-Moran into custody in August 2010. For some reason he was released, but later taken back into custody in November 2011. In January 2012, the government held a bond hearing for Angeles-Moran. As part of that hearing, the government admitted into evidence an I-213 form, which is a "record of deportable alien." *Pouhova v. Holder*, 726 F.3d 1007, 1009 (7th Cir. 2013). An I-213 form summarizes an alien's status and "is typically a record of an immigration inspector's conversation with an alien who will probably be subject to removal." *Id.* at 1013. The I-213 submitted for Angeles-Moran identified him as a citizen of Mexico.

The Department of Homeland Security also proceeded with removal proceedings, which are separate from the bond proceedings. At a hearing on August 22, 2013, Angeles-Moran advised the court that he had never been served with the I-213. The IJ stated that the I-213 filed in the bond proceedings needed to be filed in the removal proceedings and served on Angeles-Moran. The government offered to serve Angeles-Moran at the hearing but, because his attorney had to attend another proceeding in another courtroom and because the court did not intend to rule immediately, the parties agreed that the government would serve Angeles-Moran by mail. However, the government never served Angeles-Moran with the I-213.

The immigration court later issued its ruling, finding that Angeles-Moran was removable because the I-213 established that he was a citizen of Mexico and Angeles-Moran had not presented any evidence to contradict that statement. Angeles-Moran also did not present any basis for avoiding removal. Angeles-Moran appealed to the Board, arguing that he was not properly served with the Notice to Appear, that he was illegally arrested, and that the government had not proven he was a citizen of Mexico because the I-213 had not been made part of the record in his removal proceedings. The Board rejected his arguments and held that Angeles-Moran was removable. Angeles-Moran appeals. On appeal, Angeles-Moran solely challenges the Board's reliance on the I-213, which he maintains was never made part of the removal record; he argues that because the I-213 was not part of the record, the record does not support the Board's finding that he was removable, and that reliance on a document not part of the immigration record violated his due-process rights.

II.

On appeal, Angeles-Moran argues that the I-213 was never filed in his removal proceedings, but instead only filed as part of the bond proceedings. Angeles-Moran maintains that, because the bond proceedings are distinct and separate from the removal proceedings, the government's failure to file the I-213 form in his removal proceedings dooms the government's case.

Angeles-Moran is correct that the bond proceedings are separate and that documents which are part of that record are not part of his removal proceedings. *See Flores-Leon v. INS*, 272 F.3d 433, 440 (7th Cir. 2001). But the evidence does not support Angeles-Moran's position that the I-213 was never made part of the removal record. Rather, after the IJ informed the government that it needed to file the I-213 in the removal proceedings, the government proffered that form in court. While Angeles-Moran claims that the government did not file the form with the court, because it stated it would file it later and serve Angeles-Moran by mail, the IJ relied on the I-213 in its order ordering Angeles-Moran removed.   This indicates that a copy had been provided to the IJ. Additionally, Angeles-Moran argued to the Board, as a basis for reversal, that the I-213 had never been filed with the IJ. The Board implicitly rejected that argument, though, by holding that the I-213 established that Angeles-Moran was deportable. Finally, the INS certified the record on appeal "as including complete copies of the documents included in the Record of Proceedings to date, maintained in the above office on *this case.*" (emphasis added). The record filed on appeal in this case included a copy of the I-213.

In response, Angeles-Moran points out that the I-213 contained in the record is date-stamped January 10, 2012, which was the date of the bond proceedings. Angeles-Moran argues that this stamp shows the I-213 form was only filed in the bond proceedings. While that is a possible interpretation of the evidence, it is equally plausible to conclude that the government filed a copy of the I-213 form in the removal proceedings, which it had previously filed in the bond proceedings, but the copy was not file stamped a second time. The same IJ presided over both proceedings and that IJ instructed the government that it needed to file the I-213 in the removal proceedings. Under these circumstances, when the IJ referenced the I-213 in its order denying removal, it is reasonable to conclude that the government had followed the IJ's directive and filed a copy of the form with the IJ for the removal proceedings. Further, on appeal to the Board, Angeles-Moran argued that the I-213 was never made part of the record. However, the Board implicitly found the I-213 was part of the record by relying on that

form as the basis for affirming the IJ's order of removal. We are "not at liberty to overturn the B[oard]'s decision simply because we would have decided the case differently." *Margos v. Gonzales*, 443 F.3d 593, 597 (7th Cir. 2006). Rather, we review findings of fact under a substantial-evidence standard and may reverse only if the facts compel an opposite conclusion. *Tawuo v. Lynch*, 799 F.3d 725, 727 (7th Cir. 2015). Based on the information before us, we cannot say that the IJ and Board erred in finding that the I-213 form was part of the removal record.

Angeles-Moran also argues that the BIA erred in finding him removable. But this argument rests on his premise that the I-213 was not part of the record. However, as discussed above, the I-213 was part of the record. That form identified Angeles-Moran as a citizen of Mexico and established that he was removable. The I-213 is "a presumptively reliable and admissible document" which is treated as "inherently trustworthy and admissible even without the testimony of the officer who prepared it." *Antia-Perea v. Holder*, 768 F.3d 647, 657 (7th Cir. 2014). Absent contrary evidence, the I-213 was sufficient to sustain the BIA's decision that Angeles-Moran was removable, and his challenge to the finding of removability fails. Likewise, Angeles-Moran's due process argument fails because that argument is also premised on his claim that the I-213 was not part of the removal record.[1]

### III.

The IJ found that Angeles-Moran was a citizen of Mexico and was subject to removal. While Angeles-Moran appealed to the Board arguing that the I-213 was not made part of his removal proceedings, the Board implicitly rejected that argument in relying on the I-213 in affirming the removal order. Angeles-Moran has not shown any error in the Board's decision, and the I-213 supports the order of removal. For these and the foregoing reasons, we AFFIRM.

---

[1] Angeles-Moran makes only passing reference to a violation of his due process rights by the government's failure to serve him with a copy of the I-213 form. Such arguments are waived. *See Gross v. Town of Cicero*, 619 F.3d 697, 704 (7th Cir. 2010). Moreover, even had Angeles-Moran not waived this argument, he could not show the requisite prejudice because he knew the form identified him as a citizen of Mexico and he does not argue any error in that regard. *See Gutierrez-Berdin v. Holder*, 618 F.3d 647, 653 (7th Cir. 2010).